No. 32,335

FRED WALZ, *Appellant*, v. THE MISSOURI PACIFIC RAILROAD
COMPANY, *Appellee*.

(45 P. 2d 861)

Opinion
filed June 8, 1935.

*Ralph U. Pfouts* and *Steadman Ball*, both of Atchison, for the appellant.

*W. P. Waggener, J. M. Challiss, O. P. May* and *B. P. Waggener*, all of
Atchison, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a workmen's compensation case. The appeal is by the claimant from an order of the district court which refused and denied him any relief in an appeal to that court from an order of the compensation commissioner denying claimant's motion to complete the hearing of his claim for compensation.

The record before us may be summarized as follows: On June 25, 1929, the claimant filed his claim for compensation with the compensation commissioner. This was forwarded to respondent and received by it June 27, 1929. The claim was predicated upon an alleged injury by accident February 4, 1929, which arose out of and in the course of his employment with respondent. The claim was heard July 23, 1929, by an examiner of the commissioner of work-

men's compensation. It was there stipulated that respondent was a self-insurer; that on February 4, 1929, claimant was in the employ of respondent at the average weekly wage of $16.92, and that due notice was had of the injury. Respondent specifically denied that claimant made written claim for compensation within the time provided by statute, and further denied that claimant met with personal injury by accident arising out of and in the course of his employment.

The examiner, on August 1, 1929, reached his decision and rendered his award, which, among other things, recites:

"All the evidence having been heard and duly considered . . . it is found that the claimant did not make written claim for compensation upon his employer within the ninety-day statutory period. . . . Wherefore, award of compensation must be denied."

This was approved and filed by the commissioner of workmen's compensation August 12, 1929. The claimant took no appeal from this award; or, more accurately, he took no appeal within the twenty days allowed by statute for such an appeal. He did take an appeal from this award on March 28, 1930, but finally dismissed such appeal on June 28, 1933. This appeal appears not to have been presented to the district court for ruling on its merits.

On August 20, 1929, the commissioner of workmen's compensation, on his own motion and without notice to either party, set aside his award filed August 12, 1929, and ordered a rehearing of the claim for September 7, 1929. On September 4, 1929, respondent appealed from this order of rehearing to the district court. That court sustained claimant's motion to dismiss the appeal for want of merit, and respondent appealed from that ruling to this court, where it was decided March 8, 1930 (*Walz v. Missouri Pac. Rld. Co.*, 130 Kan. 203, 285 Pac. 595), this court holding the order of the commissioner of workmen's compensation of August 20, 1929, setting aside his award of August 12, 1929, and directing a rehearing on the claim, was void. The ruling and judgment of the district court was reversed, and the cause was remanded with directions to reinstate the award as originally made, approved and filed.

Thereafter and on June 30, 1933, the claimant filed with the commissioner of workmen's compensation a "motion to complete hearing." This set out that he filed his claim with the commissioner June 25, 1929, and that the same came on for hearing before the examiner July 23, 1929, and alleged the examiner refused to hear

any testimony for the claimant except that pertaining to the making of the written demand for compensation; that the testimony in the case never was completed by the commissioner of workmen's compensation or any of his examiners, and moved the commissioner to set a date for the completion of the hearing of the case and for the taking of testimony to complete the same. This motion was heard by the commissioner of workmen's compensation July 6, 1933, and denied. Claimant appealed from that ruling to the district court, which court, after a hearing, and on December 22, 1934, denied claimant any relief, and claimant has appealed to this court.

The claimant, as appellant here, contends it is the duty of the commissioner of workmen's compensation, or his examiner, on the hearing of a claim for compensation, to hear all the evidence. In this appellant is correct. Under our workmen's compensation statute provision is made for one tribunal only to take the evidence. That is the commissioner of workmen's compensation. He may take the evidence himself, or it may be taken by one of his examiners. When an appeal is taken to the district court that court can hear no additional evidence, although it is authorized to pass upon questions of fact as well as questions of law. It is compelled to consider the facts from a transcript of the evidence heard by the commissioners of workmen's compensation or his examiner. Upon an appeal to the supreme court, that court reviews questions of law only. It must take the facts as found by the district court on the transcript of the evidence taken by the commissioner of workmen's compensation or his examiner. So in all cases the commissioner of workmen's compensation, or his examiner, on the hearing of a claim for compensation, should take all the evidence either party desires to present upon any issue pending before the commissioner or his examiner. Even though one of the parties contends, and the examiner is inclined to agree, that evidence relating to one point defeats or establishes the claim, all proffered evidence relating to that, or any other point at issue, should be received. (R. S. 1933 Supp. 44-534.) In substance, all this has been said before. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818; *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396; *Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429; *Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980; *Austin v. Phillips Petroleum Co.*, 138 Kan. 258, 25 P. 2d 581.) Nor should the commissioner confine the parties to strict rules of evidence.

(R. S. 1933 Supp. 44-523; *Freeman v. Fowler Packing Co.*, 135 Kan. 378, 11 P. 2d 276.)

At the hearing before the examiner July 23, 1929, after stipulations were made, there were just two questions at issue: *First,* had claimant made written claim for compensation within the time required by law; and, *second,* did claimant receive an injury by accident arising out of and in the course of his employment? Had both these been established perhaps it would have been necessary to determine the extent and duration of such injury, but nothing is said in the briefs on these points.

Appellant inaccurately contends the examiner refused to hear evidence. The record is to the contrary. It reads: "All the evidence having been heard and duly considered . . ." There is no contention here that the examiner refused to hear all evidence offered by the claimant or anyone else, except as to one trivial matter conceded to be immaterial. The record does disclose that after claimant had testified and fixed the time of the accident as February 4, 1929, the commissioner, having the claim filed June 25 before him, called attention to the fact that it had not been filed within the 90 days required by statute. It is clear the elapsed time is more than 90 days (it is 141, as we compute it). There was no contention by claimant, and no evidence offered, to the effect that compensation as such had been paid, or that hospital or medical attention had been provided or paid, late enough to make the claim for compensation in time, or that any other reason existed which made it inaccurate to count the 90 days to begin from the date of the claimed injury. The statute (R. S. 1933 Supp. 44-520a) then in force is specific: "No proceedings for compensation shall be maintainable" unless the written claim is made within 90 days after the accident, with certain exceptions or modifications. No evidence was given or offered tending to show claimant's case fell within such modifications or exceptions. Naturally the examiner called claimant's attention to the fact that it appeared his written claim had not been made in time. Apparently claimant then ceased to offer any further evidence. He was not told further evidence was refused. Apparently he did not have any other evidence which he thought it worth while to offer. The necessary result was that the examiner made his award denying compensation.

What claimant really desires in this case is a rehearing. At the time of the hearing before the examiner, July 23, 1929, he was not

represented by an attorney. Later he employed an attorney. Perhaps the attorney learned from him facts which in his judgment might be shown in evidence and which would authorize a finding by the compensation commissioner that the claim for compensation was made in time. The claimant, of course, is not entitled to a rehearing on that matter. That was the specific question before this court and determined when the case was here before (130 Kan. 203, 285 Pac. 595). More than that, this court, at the close of its opinion in that case, directed that the award as originally made, approved and filed, be reinstated. No new fact.is shown by the record in this case which would justify this court in setting aside its former decision and direct a rehearing. Indeed, we are not asked to set aside our former decision. Appellant contends that the hearing was incomplete before the examiner on July 23, 1929, and asks that a complete hearing be had. The hearing before the examiner was as complete as claimant wanted it to be; that is, the examiner received all evidence he desired to offer. While an examiner might very properly suggest to a claimant in what respect his evidence was deficient, which in fact the examiner did in this case, the examiner cannot be expected to go out and hunt up evidence for a person, especially when he has no intimation that it exists, and bring such evidence in before himself for his own consideration.

For us to do what appellant in effect wants us to do in this case would be to permit any claimant for compensation, whose claim has been denied by the compensation commissioner after a hearing, to ask for a rehearing, or what he may term a more complete hearing of his claim, and thus have his claim reopened, possibly with additional evidence on points concerning which evidence previously had been received. This procedure would make it impossible for any case in which compensation is denied ever to be closed. Our compensation law not only fixes but one tribunal to take evidence in a workmen's compensation case, but in effect it fixes one time to take the evidence—that is, when the claim is being heard. There may be, of course, continuances from time to time as necessity may require, and occasionally other instances of incomplete hearings which for some reason are still in such a shape that they can be completed. But this is not such a case. Here there was a complete hearing in the sense that the examiner heard all the evidence offered. After hearing and duly considering all the evidence an award was made which was approved by the compensation commissioner. No appeal

was taken from that award. Thereafter the compensation commissioner attempted to grant a rehearing. On appeal to this court that was held to be futile. We are asked now to direct a new hearing under the name of a complete hearing. Not only is there no statute authorizing it, but it would be contrary to the plain purport of the statute.

Appellant cites and relies largely on the case of *Willis v. Skelly Oil Co.*, supra. The cases are readily distinguished, as a reading of the opinion in that case will show. We need not take the space here to point out the distinctions.

The judgment of the court below is affirmed.