No. 33,831

THE EAGLE-PICHER MINING & SMELTING COMPANY and WILLIAM SWALLEY, JR., *Plaintiffs*, v. COMMISSIONERS OF WORKMEN'S COMPENSATION OF THE STATE OF KANSAS, FRANK O'BRIEN, as Chairman of the Commission of Labor and Industry, and ex-officio Commissioner of Workmen's Compensation; and JAMES MALONE, as Member of Commission of Labor and Industry, and ex-officio Commissioner in charge of Compensation Hearings, *Defendants*.

(76 P. 2d 808)

Opinion filed March 5, 1938.

*F. W. Boss, Marc G. Boss,* both of Columbus, and *John Campbell,* of Joplin, Mo., for plaintiff Eagle-Picher Company; *Thomas D. Winter,* of Girard, for plaintiff Swalley.

*Clarence V. Beck,* attorney general, and *C. Glenn Morris,* assistant attorney general, for the defendants; *Clarence Malone,* of Topeka, of counsel.

*Sylvan Bruner,* of Pittsburg, for Leo Wells, claimant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus to compel the compensation commissioner and James Malone, in charge of compensation hearings, to cause certain affidavits which had been filed with the commissioner after the hearing in a compensation case to be included in the record on appeal to the district court, and also to require them to make an award as to one of the respondents. Defendants moved to quash the alternative writ, and a hearing was had upon briefs and oral argument. After consultation the court denied the writ. It remains to state the reasons therefor.

The record discloses that the Eagle-Picher Mining & Smelting Company is a corporation engaged in the mining and smelting of lead and zinc ore. It had a lease on a certain tract of land on which it desired to have some drillings made to test the location of ore strata and the structure above. It made a contract with William

Swalley, Jr., to do this test drilling. Swalley employed Leo Wells to operate or work with the drilling machine. Wells worked under the direct supervision of Harry J. Meade, field man for the Eagle-Picher Mining & Smelting Company, who pointed out the places where Wells should drill, how the drilling should be done, how to clean out the hole, and save the cuttings and make a record of them, and how deep to drill. A number of holes were drilled. While working with this drilling rig Wells sustained an accidental injury May 5, 1937. He filed his claim for compensation, naming as respondents the Eagle-Picher Mining & Smelting Company and William Swalley, Jr.

A hearing was had before James Malone, acting for the compensation commissioner, on October 15. One of the questions to be determined was whether the claim for compensation had been made within the time provided by statute (G. S. 1935, 44-520a). Wells testified that he had been paid compensation up to September 15. If that was true his claim for compensation was in time. If he had never been paid any compensation his claim was too late. Respecting those payments, respondent called two witnesses. Objections to their testimony were sustained. Counsel then stated that he offered to show by the witnesses that the money paid Wells was the proceeds of a certain insurance policy and not payments of compensation. The commissioner declined to receive the testimony, and both parties rested. On November 27, 1937, the commissioner had completed his findings and made an award of compensation as against the Eagle-Picher Mining & Smelting Company in favor of the claimant. No award was made as against the respondent William Swalley, Jr., nor was it stated that the award against him was denied. A few days before this award was made affidavits were made by the two witnesses, whose testimony the commissioner had declined to receive, embodying in substance the matter counsel for respondent, at the time of the hearing, had stated they would testify to. These were forwarded to the compensation commissioner by the attorney for Swalley on November 13, 1937, with the request that they be made a part of the record of the hearing, and on the 29th of that month the compensation commissioner advised counsel for respondents that he would decline to make them a part of the record of the hearing. On December 11, 1937, the Eagle-Picher Mining & Smelting Company appealed from the award against it to the district court.

Our statutes (G. S. 1935, 44-552, 44-556) set forth what the record should contain. Affidavits filed with the commissioner after the hearing on the claim is closed are no part of such record.

With respect to the failure of the compensation commissioner to state whether an award was made, or was not made, as against Swalley, we note that under the statute (G. S. 1935, 44-556) the district court, on appeal, considers the case both on the law and the facts, and can make such award as is proper. More than that, we see no reason why Swalley should insist that the award should be made as to him, and since the Eagle-Picher Mining & Smelting Company is liable on the award, if anyone is (G. S. 1935, 44-503), we see no reason why it is concerned with that question, unless a question should arise between it and Swalley with respect to which, as between them, should pay the award.

It is true, as contended by plaintiff, that the one time fixed under our compensation law for hearing evidence in a compensation case is when the hearing is being held by the compensation commissioner or his examiners. (*Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980; *Walz v. Missouri Pac. Rld. Co.*, 142 Kan. 164, 45 P. 2d 861.) Strict rules of evidence are not to be followed, and the commissioner or his examiners should be liberal with respect to the introduction of evidence, rather than otherwise. We are not passing on the question of whether the ruling excluding this offered evidence was correct. That question is not before us. The ruling may have been entirely proper. Plaintiff cites our cases in which it has been suggested that excluded evidence might be offered by affidavit. (*Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396.) It would have been proper for respondent to have asked permission to file the affidavit before the hearing was closed before the examiner, or to have had the hearing continued until the affidavits could have been prepared, but none of our cases goes so far as to hold that after the hearing is closed, *ex parte* affidavits may be filed with the commissioner and made a part of the record.

The writ prayed for is denied.