No. 41,408

Gus Davis, *Claimant* and *Appellee*, v. Haren & Laughlin Con-
struction Company (*Respondent*), and United States Fidelity
& Guaranty Company (Insurance Carrier), *Appellants*.

(339 P. 2d 41)

Opinion filed May 16, 1959.

*Walter Fuller, Jr.,* of Kansas City, argued the cause and was on the briefs
for appellants.

*John E. Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen,
Charles S. Schnider* and *Joseph P. Jenkins,* of Kansas City, were with him
on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This is a workmen's compensation case. An award
was entered in favor of the claimant appellee and affirmed by the
district court. Later, on motion of the claimant, the commissioner
entered an order modifying and increasing the original award. The
employer and its insurance carrier appeal from the order of the
district court adopting the commissioner's findings and modified
award.

Claimant sustained an accidental injury on December 14, 1955.
In the original compensation hearing, held before examiner Albert
O. Kiesow, claimant was awarded compensation based upon a ten
percent permanent partial disability. The award was dated March
5, 1957, and was approved by the workmen's compensation com-
missioner.

On July 27, 1957, claimant filed a motion for review and modifi-
cation of the award pursuant to G. S. 1949, 44-528, upon the ground
that his physical condition had worsened and the degree of disa-
bility attributable to his injury had increased since the original
hearing. Subsequently that motion was enlarged to include the
ground that the original award was inadequate.

A hearing on that motion was had before examiner Kiesow and on January 29, 1958, he orally denied the motion, but entered no written order or award.

On February 14, 1958, claimant attempted to appeal to the district court from the oral ruling of the examiner. However, the appeal was not perfected. The notice of appeal was forwarded to the workmen's compensation commissioner in Topeka, who, on February 19, 1958, wrote the claimant that all awards must be in writing and that the appeal would be held and sent to the district court when the written award was filed in his office and mailed to the interested parties. Shortly thereafter examiner Kiesow resigned without preparing or filing a written award.

On June 2, 1958, the workmen's compensation commissioner entered a written award modifying the original award and allowing the claimant 40 per cent permanent partial disability effective July 17, 1957. The modified award specified it was granted upon claimant's application for review and modification heard by examiner Kiesow.

On June 17, 1958, the employer and its insurance carrier appealed to the district court from the commissioner's order modifying the original award. The court affirmed the order in a journal entry dated November 7, 1958. In a letter of judgment it stated it had read the citations given by counsel and most of the transcript of testimony in the original hearing, as well as the testimony of the hearing to modify the original award; that it was not prepared to say the commissioner's award was not supported by competent evidence or was contrary to law, and that it concurred in the commissioner's findings and modified award. The employer and its insurance carrier appeal from that judgment.

Appellants here maintain that the judgment of the district court should be reversed on five grounds. They first argue that the commissioner had no power to enter an order modifying the original award after a notice of appeal had been filed and an appeal was pending. They cite G. S. 1949, 44-549, providing in effect that the award or order of an examiner, when filed in the office of the commissioner, shall be deemed to be the award or order of the commissioner; and G. S. 1949, 44-556, providing that the commissioner, immediately upon the filing of a notice of appeal, shall transmit a copy of the notice to the clerk of the district court who shall docket the cause for hearing. They next contend the commissioner was without power to issue an order modifying the

award four months after the hearing before the examiner, without notice or hearing of further evidence, and cite G. S. 1949, 44-523, providing that an award shall· be made within thirty days after submission unless the time is extended by agreement of the parties.

We are not persuaded the contentions are meritorious. G. S. 1949, 44-525 provides that every finding or award of compensation shall be in writing. Here, the examiner, at the conclusion of the hearing on the motion for review and modification, denied the motion in an oral statement and resigned without filing a written statement or award. Since the examiner's ruling was not in writing in effect there was no award from which an appeal could be taken and claimant's purported appeal of February 14, 1958, was of no effect. It was therefore within the competence of the commissioner to make an award upon the record adduced before the examiner. While G. S. 1949, 44-523 provides that an award shall be made within thirty days from the time the matter is submitted, this court held in *Ketchell v. Wilson & Co.*, 138 Kan. 97, 99, 23 P. 2d 488, that although the statute is designed to secure prompt action, it does not impose a time limitation upon the commissioner's jurisdiction to make an award.

Appellants next contend the commissioner had no right to set the date of modification of the award to take effect prior to the date that motion was signed by the claimant and filed with the commissioner. The motion was signed on July 23, 1957, and received by the commissioner on July 27, 1957, while the modified award was ordered to be effective on July 17, 1957.

G. S. 1949, 44-528 provides that the commissioner may modify an award "upon such terms as may be just." The record evidences medical testimony which would support the finding that the precise date on which the worsening of claimant's condition was medically established was July 17, 1957. In any event, the lapse of time between the effective date of the order and the date the motion was filed was so short that we cannot say that prejudicial error resulted from the commissioner's action.

Appellants next contend the district court, on appeal in a workmen's compensation proceeding, must try the case *de novo* on the record and make its own findings. They argue the court erroneously applied the test to be used on appeal and in entering judgment for the claimant. While we concur with appellants' statement of the law, we do not conclude the court erred in that respect. We think the court's statement in its letter of judgment to counsel that it

could not say the commissioner's modified award was not supported by substantial evidence and that it concurred in the commissioner's findings and award, must be treated in effect as a statement that after independent determination, it "adopted" the commissioner's findings and award. Thus viewed, we cannot say the court erred in entering judgment for the claimant.

Appellants next contend there was no competent evidence of a change in claimant's condition resulting from the injury and he was not entitled to a change of the original award. They argue that in order to establish a change of condition the testimony must be phrased in terms of the extent or percentage of change from the degree of disability found in the original award—in other words, there must be direct comparative evidence of the disability on the two occasions. They cite and rely upon *Giacchi v. Richmond Brothers Co.*, 11 N. J. Super, 76, 78 A. 2d 109.

At the outset, it is noted that our statute (G. S. 1949, 44-528) does not require direct testimony of comparison between the disability at the time of the original hearing and the disability at the time of the hearing on the motion to modify. Indeed, that statute provides that upon review the commissioner may appoint a physician or surgeon, or two physicians or surgeons, to examine the workman and report to the commissioner. The commissioner then hears all competent evidence and may modify the award if he finds it to be excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished. It is apparent that the physician or surgeon appointed in the review proceedings may have had no prior opportunity to examine the claimant and thus would be unable to give direct testimony of comparison. While the burden of proving a changed condition of a claimant is upon the party asserting it (*Jones v. Western Union Telegraph Co.*, 165 Kan. 1, 192 P. 2d 141) the statute directs the commissioner to make his own findings from all the evidence presented, including the testimony of the claimant's condition at the time of the review proceedings and the record in the original proceeding. On appellate review of workmen's compensation cases our inquiry is limited to questions of law only (G. S. 1957 Supp., 44-556). If, when considered in the light most favorable to the prevailing party below, the record contains any evidence to support the district court's judgment, that judgment must be affirmed (*Alpers v. George-Nielsen Motor Co.*, 182 Kan. 790, 324 P. 2d 177; *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan.

184, 334 P. 2d 370, and cases cited therein). In *Daugherty v. National Gypsum Co.*, 182 Kan. 197, 318 P. 2d 1012, it was said:

". . . This court is limited on appellate review to 'questions of law,' which, in the final analysis, means that its duty is to determine whether the findings of the district court are supported by substantial, competent evidence, keeping in mind, however, that the workmen's compensation commissioner and the district court on appeal have been designated within the limitations of the compensation act to determine the degree of impairment, the existence, extent and duration of which is a question of fact for determination by the district court (citations). In exercising that jurisdiction it is the duty of those tribunals to apply their best judgment and to make just and reasonable awards based upon the evidence." (l. c. 204.)

Upon any theory advanced, the evidence presented in this case was adequate to support the district court's judgment. It is unnecessary to review the testimony in detail. At the first hearing Dr. W. J. Feehan testified claimant's physical condition was progressively deteriorating as a result of his injury. At the hearing upon the motion to modify Dr. Willis H. McKean, who had treated claimant after the injury and testified at the first hearing, testified that the injuries which claimant sustained had progressively worsened in several specific respects and that the worsened condition was a result of his injury on December 14, 1955. Dr. Frank L. Feierabend testified that the injury was the main factor in claimant's increased disability. He further testified that he had compared X-rays of claimant taken shortly after the injury with X-rays made by him prior to the hearing on the motion to modify, in arriving at his conclusion that the claimant's condition had worsened. That testimony was adequate to support the district court's judgment modifying the original award.

On the basis of the conclusions heretofore announced, the judgment of the district court is affirmed.

It is so ordered.