S. R. FARMER, *Appellant,* v. JOHN F. MYERS et al.
(S. F. MYERS, *Appellee*).

No. 18,382.

SYLLABUS BY THE COURT.

EVIDENCE—*Not All in Record—Presumptions in Favor of Verdict.* The rule that the general verdict will be presumed to be supported by the evidence when the record fails to contain it all, followed.

Appeal from Brown district court; W. F. MEANS, judge *pro tem.* Opinion filed October 11, 1913. Affirmed.

*A. B. Crockett,* of Horton, for the appellant.

*S. F. Newlon,* of Hiawatha, and *S. M. Brewster,* of Troy, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff, S. R. Farmer, sued to recover $580.50 and interest alleged to be due on two promissory notes. The answer alleged among other things that E. T. Wells and S. R. Farmer were partners as the Wells-Farmer Auto Company and hired defendant S. F. Myers to work for them under a written contract by which it was agreed that Myers was to have a car at an agreed price of about $2000 and furnish it to the auto company for use as a demonstrator and for general livery business, the company to pay him $25 a month, he to have one-half of the money received for livery work, and on all sales that he made or participated in or helped to work up or close up or had anything to do with he was to have a commission of five per cent; that he worked for the auto company until it sold out, and accounted for his part of the contract; that he purchased a new car which he used in lieu of the old one until the company sold out, and that the notes sued on were given for a part of the consid-

eration for this new car, the balance of the purchase price having been settled with the auto company; that on sales amounting to $36,930 he was entitled to a commission of $1846.54, on which he had been paid only $388, leaving due $1458.54, and that the plaintiff, as one of the auto company, was indebted to him in the last-named amount, less the amount of the notes sued on, leaving a balance due him of $978.04.   The reply denied any contract with Myers for commission and alleged that he was to receive only the $25 per month salary; denied that the notes sued on were part consideration for the new car or connected in any way with the defendant's employment with the auto company or with the plaintiff, and alleged that a full settlement had been made with the defendant touching all employment and contracts with the company, and denied that he had helped make any sales as alleged in his answer.   The jury returned a verdict for $137 in favor of defendant S. F. Myers against S. R. Farmer, who appeals and assigns error in the refusal of the court to set aside the verdict and grant a new trial, and asserts that the verdict returned was a quotient verdict.

As to the latter question one juror testified that after balloting a good many times some of the jurors did some figuring in which they put down what each party claimed and subtracted the lesser amount from the greater and divided the remainder by two, and possibly did some other figuring.   They then called the attention of the whole jury to the result and the jury proceeded to ballot whether or not the figures arrived at should be the verdict, and all voted in the affirmative. While this indicates an attempt to reach a compromise verdict it is not the familiar instance of finding various amounts and dividing their sum by twelve with the agreement in advance that the result is to be the verdict, and the court having refused to set it aside on this ground the ruling is approved.

It is asserted that the verdict was not supported by

the evidence. It is stated in the appellant's brief that the only question submitted was as to the settlement as set out in the reply. S. F. Myers testified that he was to receive $25 a month and do a livery business and turn one-half of the proceeds thereof over to his employers and to receive five per cent on all sales that he had anything to do with. He also testified as to various sales he negotiated or promoted, and that he had never been paid anything as commission thereon; that he had some repair work done on his car, and that $388 was all that he was charged with. E. M. Squires testified that previous to the purchase of the auto company business Mr. Wells told him that they paid Myers a commission of five per cent on the sale price of all cars in the sale of which Myers undertook or participated in or worked up; that he was a good man, an extra good salesman, and witness was advised to keep him. The plaintiff did not abstract all the evidence, but from the brief of the defendants it appears that there was testimony to the effect that Myers was to receive but one-fourth of the commission and that both sides introduced evidence as to the amount of work Myers did on the sale of various cars. Myers claimed $1458.54 due on commission, but it seems from the defendant's brief that Mr. Wells testified that he, Myers, was to receive one-half of the commission, which would be $729.27. Taking from this sum the amount of the notes for which judgment was asked, the remainder would be about the verdict returned.

At any rate all the evidence touching the amounts and credits the parties were entitled to is not before us, and therefore we are unable to say that the verdict was unsupported. Hence the judgment must be affirmed.