## No. 42,512

MRS. ANNA SHOEMAKER, Wholly Dependent Widow of Clarence Shoemaker, Deceased, *Appellant,* v. S. W. HARDWICK & W. K. INGRAM, d. b. a. HARDWICK & INGRAM CONSTRUCTION COMPANY or S. W. HARDWICK d. b. a. HARDWICK CONSTRUCTION COMPANY and STANDARD ACCIDENT INSURANCE COMPANY, *Appellees.*

(366 P. 2d 1008)

Opinion filed December 9, 1961.

*George E. McCullough,* of Topeka, argued the cause, and *William L. Parker, Jr., Robert B. Wareheim,* and *Philip J. Saia,* of Topeka, were with him on the briefs for the appellant.

*C. Stanley Nelson,* of Salina, argued the cause, and *E. S. Hampton, H. H.*

*Dunham, Jr., John Q. Royce, H. G. Engleman, Jack N. Stewart,* and *Tom W. Hampton,* of Salina, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This action was brought by the wholly dependent widow of a deceased workman to recover compensation for his death under the provisions of the workmen's compensation act ( G. S. 1949, ch. 44, art. 5, as amended).

After making a summary of the evidence, the compensation commissioner found that

"The injury, *if any,* which occurred on the job must be a cough producing phenomena [phenomenon] caused by the elements of November 17, 1958. Apparently this was not disabling because the deceased returned to work the next day. The Examiner has been unable to find in any American jurisdiction that a cough or a cold is an accident as contemplated by workmen's compensation. Of course, a hernia is compensable if it occurred on the job and arose out of the employment. Assuming that the decedent died because of the hernia operation and without malpractice—and this, the Examiner finds to be the case—the hernia would have been the accident and it occurred while the deceased was off the job while awaiting a meal. The Examiner finds that the hernia did not arise in the course of the employment of the deceased, and, therefore, an award of compensation should be denied." [Emphasis supplied.]

On reviewing the evidence taken by the commissioner, the trial court found

". . . that the deceased, Clarence Shoemaker, did not sustain personal injury by accident arising out of and in the course of his employment with respondent; and that the findings of the Workmen's Compensation Commissioner are adopted and the award of compensation denied."

Judgment was entered in favor of respondent, and claimant appeals.

Claimant has failed to abstract any of the testimony taken before the commissioner. The abstract includes only the summary of the evidence by the commissioner, the commissioner's findings, his denial of the award, and the journal entry of judgment of the trial court denying compensation.

It is the contention of the claimant that as a matter of law the findings of the trial court establish an unbroken chain of events showing that deceased, while in his employment, suffered unusual exposure causing a severe cough which produced a hernia necessitating operative treatment, which in turn resulted in the death of decedent.

Inasmuch as claimant has failed to submit to this court an abstract of any of the evidence, we must assume that the findings of the trial court are all supported by substantial competent evidence. The question, therefore, is, Do those findings, as a matter of law, compel an award in favor of claimant?

An examination of the findings reveals that nowhere did the trial court find that an injury occurred in respondents' employ. The court found that the hernia was the accident and that it did not arise out of and in the course of employment. As to the finding that decedent did not suffer personal injury by accident arising out of and in the course of employment, we can only reiterate that the failure of claimant to file an abstract of the evidence presented in the proceedings which this court is asked to review makes our task impossible. The trial court did not find that there was any unusual exposure to the elements producing a cough which causally related to the hernia and ultimate death of deceased, and we are in no position to overturn the trial court's judgment. Absent an abstract of the evidence, a challenged finding of fact made by the trial court is not open to review.

The judgment of the trial court is affirmed.