No. 42,868

ROBERT DALE WATSON, *Appellant*, v. INTERNATIONAL MILLING COMPANY and LIBERTY MUTUAL INSURANCE COMPANY, *Appellees*.

(372 P. 2d 287)

Opinion filed June 9, 1962.

*George E. McCullough*, of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim* and *Philip J. Saia*, also of Topeka, were with him on the brief for the appellant.

C. *Stanley Nelson,* of Salina, argued the cause, and *E. S. Hampton, H. H. Dunham, Jr., John Q. Royce, H. G. Engleman, Jack N. Stewart* and *Tom W. Hampton,* all of Salina, were with him on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This action was brought by Robert Dale Watson, claimant (appellant), against International Milling Company and Liberty Mutual Insurance Company, respondents (appellees), to recover compensation under the provisions of the workmen's compensation act (G. S. 1949, ch. 44, art. 5, as amended) for injuries received while in respondent milling company's employ.

After summarizing the evidence, the workmen's compensation examiner made the following findings which were approved by the director:

"The troublesome issue in this matter is whether the bronchial asthma and/or emphysema caused by inhalation of wheat dust is injury by accident or an occupational physical disease. It appears to this Examiner that the medical evidence is clear that the claimant was sensitized to wheat dust. Consequently the claimant's difficulty was not caused by touching or 'trauma' of the wheat dust upon his respiratory system but was caused by the chemical reaction to the wheat dust. Such a phenomenon is more analogous to the diseases set out in the occupational disease sections of the act [G. S. 1959 Supp.] such as poisoning by certain ingredients (44-5a02-1); dermatitis (44-5a02-7); and silicosis (44-5a09); all of which necessarily require the contact of certain ingredients to a part of the workman's anatomy. It is also found by the Examiner that the claimant's condition is a result of long-time (years) exposure to the conditions of the mill.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is, therefore, found that the claimant is suffering from an occupational disease and not from injury by accident. Since wheat dust is not an ingredient listed in the Occupational Disease section of the Act, an award of compensation should be denied."

Based upon the findings, the director denied an award of compensation.

On reviewing the evidence taken by the examiner, the trial court approved the findings and conclusions made by the director and found that claimant did not sustain a compensable injury by accident and denied an award of compensation.

Claimant has failed to abstract any testimony taken before the examiner. The abstract includes only the summary of the evidence by the examiner, the director's findings, his denial of the award and the journal entry of judgment of the trial court denying compensation. Under such conditions we must assume that the findings of the

director, as adopted by the trial court, are all supported by substantial, competent evidence. The sole question presented here is whether the findings as a matter of law compel an award in favor of the claimant. (*Shoemaker v. Hardwick*, 189 Kan. 72, 366 P. 2d 1008.)

To authorize recovery under the workmen's compensation law the element of personal injury by accident must be present. Our workmen's compensation law does not cover personal injuries resulting from occupational diseases as distinct from accidents (*Echord v. Rush*, 124 Kan. 521, 524, 261 Pac. 820; *Winkelman v. Boeing Airplane Co.*, 166 Kan. 503, 506, 203 P. 2d 171) except those occupational diseases as are designated in G. S. 1959 Supp., 44-5a02. Under the findings of the court it is clear that the claimant was sensitive to wheat dust and that claimant's condition was not due to an undesigned, sudden or unexpected event constituting an accident but was the result of years of exposure to the wheat dust conditions in the mill resulting in an occupational disease which is not covered by any of the compensable occupational diseases set forth in the statute.

The gist of the claimant's argument is that he sustained personal injury by accident, or a series of accidents, arising out of and in the course of employment, *i. e.*, by a series of traumas between October 7, 1959, and January 31, 1960, which aggravated a pre-existing asthmatic condition, and that this case falls within the rule of *Winkelman v. Boeing Airplane Co.*, supra. In the instant case the record neither discloses such evidence nor did the trial court make a finding of such fact. In the *Winkelman* case there was evidence that the injury was traumatic in origin while in the instant case there is no such evidence or finding. Whereas we approve the rule in the *Winkelman* case, in view of the findings of the trial court it is not applicable here. We are of the opinion that this case is controlled by what has been said in *Echord v. Rush*, supra, and *Vocke v. Eagle-Picher Co.*, 168 Kan. 708, 215 P. 2d 185.

Since we must assume the findings of the trial court were supported by substantial, competent evidence, this court cannot say as a matter of law that the inhalation of the wheat dust by the claimant while working for the milling company over a period of years was an accident arising out of and in the course of claimant's employment and not an occupational disease as found by the trial court.

The judgment of the trial court is affirmed.