No. 43,306

Mabel Transmeier, widow of Ernest A. Transmeier, deceased (Claimant), *Appellant*, v. Blaw-Knox Construction Company (Respondent) and Travelers Insurance Company (Insurance Carrier), *Appellees.*

(380 P. 2d 322)

Opinion filed April 6, 1963.

*Eugene Riling*, of Lawrence, argued the cause, and *Wesley M. Norwood*, also of Lawrence, was with him on the brief for the appellant.

*Richard J. Croker*, of Kansas City, argued the cause, and *Edward M. Boddington, Edward M. Boddington, Jr.* and *N. Jack Brown*, all of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal in a workmen's compensation case wherein the appellant seeks review of the decision of the district court denying her, as the surviving widow, an award sought upon the death of Ernest A. Transmeier, her husband, who died of an acute coronary occlusion on October 10, 1960, at the Worden Missile Base site in Kansas, while engaged in his regular work as a common laborer with the Blaw-Knox Construction Company.

The sole question at issue in the case is whether Ernest A. Transmeier, the deceased, met with personal injury by accident arising out of and in the course of his employment.

The trial court found, after a careful consideration of the evidence in the case, that the claimant "wholly failed to establish any causal connection between the work being done by the deceased workman and his death by acute coronary occlusion."

The burden of the appellant's argument hinges upon her interpretation of this finding by the trial court. She contends the trial court erred "when it found as a finding of fact and conclusion of

law that the appellant had no evidence of any causal connection between the work being done by Mr. Transmeier and his death by acute coronary occlusion."

We do not so interpret the trial court's finding. What the trial court found, in substance, was that the claimant failed to sustain the burden of proof.

The record discloses that Ernest A. Transmeier, while in the course of his employment as a common laborer on the job site, was policing the area—picking up debris and throwing it in a truck. This was the kind of work to which he was accustomed. While in the process of scraping some paper together with a shovel, he fell over backward and, after gasping for air for several minutes, died.

Dr. James L. Ruble was summoned and arrived at the scene sometime after the death of Mr. Transmeier. He diagnosed the cause of death as an acute coronary occlusion. No autopsy was performed upon Mr. Transmeier.

Dr. Ruble qualified as a cardiac specialist and testified in his opinion he "did not feel that the work Mr. Transmeier was doing at the time he fell to the ground would in any way aggravate, precipitate or contribute to a coronary occlusion."

Dr. E. L. Slentz of the Kansas University Medical Center qualified as an expert. The substance of his expert opinion was that "I could not connect his usual amount of exertion with his death. In other words, I don't see how it could contribute in any way to his death."

The appellant called Dr. Byron Walters, the coroner, as a witness on her behalf. Dr. Walters qualified as an expert and testified that he talked with Dr. Ruble on the telephone and accepted his diagnosis of coronary heart disease. It was Dr. Walters' opinion that work, any amount of work for an hour or two, would affect a diseased artery. This is the testimony upon which the appellant relies, contending there was evidence from which the trial court could have found that the accident arose out of and in the course of the decedent's employment.

Nothing would be accomplished by a more complete statement of the facts, giving in detail the testimony of the doctors, which is for all practical purposes almost identical to that set forth in the case of *Rorabaugh v. General Mills*, 187 Kan. 363, 356 P. 2d 796. There, as here, the trial court found against the claimant in a heart case.

The decision herein is controlled by *Rorabaugh v. General Mills,* supra, where the applicable law was discussed and the pertinent cases cited. Nothing further 'could be added to what has there been said for the assistance of the bench and bar.

The finding and judgment of the trial court denying recovery on the ground claimant failed to establish any causal connection between the work being done by the deceased workman and his death by acute coronary occlusion are supported by the evidence. (*Allen v. Goodyear Tire & Rubber Co.,* 184 Kan. 184, 334 P. 2d 370; and *Heer v. Hankamer Excavating Co.,* 184 Kan. 186, 334 P. 2d 372.)

The judgment of the lower court is affirmed.