No. 44,324

Ralph A. Elliott, Claimant, *Appellant*, v. Russell Ralph Construction Company, Respondent, and Aetna Casualty and Surety Company, Insurance Carrier, *Appellees*.

(408 P. 2d 584)

Opinion filed December 11, 1965.

*Don Wyman*, of Hutchinson, argued the cause, and was on the brief for the appellant.

*Charles J. Woodin*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard, Mikel L. Stout, Ronald K. Badger* and *Benjamin C. Langel*, all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal by the claimant in a workmen's compensation case from an adverse decision by the trial court.

The various points which the claimant tries to raise on appeal boil down to one question—whether there is substantial competent evidence presented in the record to sustain the findings of the trial court.

It was stipulated by and between the parties when they appeared before the examiner that on April 1, 1963, the respondent, Russell Ralph Construction Company, was operating under the workmen's compensation act; that Aetna Casualty and Surety Company was the insurance carrier; that the claimant while employed by the respondent sustained personal injuries by accident arising out of and in the course of employment; that notice was had and written claim made within the statutory period; that the average weekly wage of the claimant was $80; that medical expense in the sum of $581.75 has been provided; and that compensation in the sum of $874 has been paid.

It was agreed the questions remaining at issue before the ex-

aminer were (1) the extent of any disability; and (2) the amount of compensation due, if any.

The examiner, after hearing the evidence, found in accordance with the foregoing stipulations, and further found that the claimant sustained personal injury resulting in twenty-three compensable weeks of temporary total disability from April 8, 1963, to September 16, 1963, for which he was entitled to compensation at the rate of $38 per week in the sum of $874, all of which has been paid. The examiner further found that the respondent and insurance carrier should pay for the services of Dr. C. W. Hall of Hutchinson, Kansas, to the claimant, and for services of Dr. Jerome S. Spitzer of Hutchinson, to the claimant. An award was entered accordingly on the 14th day of May, 1964.

By an order which became effective July 31, 1964, the director affirmed the examiner's award.

The district court on appeal examined the record and made findings similar to those of the examiner. It entered an award identical with the award approved by the director.

As heretofore indicated in the stipulation of the parties the controversy in this case centers around the extent of the claimant's disability as a result of the injury which he sustained on the 1st day of April, 1963. This is primarily a question of fact. (*Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 165, 309 P. 2d 681.)

On that date the claimant allegedly slipped and fell while working for the respondent. He had been employed by the respondent for about two weeks at that time, and was treated by Dr. Hall, a physician and surgeon, who had been his family doctor for many years, and who had treated the claimant on many previous occasions. Conservative treatment was administered to the claimant, and Dr. Hall released him to return to work on the 27th day of August, 1963. The insurance carrier paid compensation to September 16, 1963, at the rate of $38 per week for a period of twenty-three weeks in the total sum of $874. In addition, medical expense was provided in the sum of $581.75.

Claimant testified that he had had no previous back problems, but Dr. Hall testified he had treated the claimant for fourteen prior on-the-job maladies, three of which were back injuries. Dr. Hall stated that the claimant had no permanent disability as a result of the fall, and further that the claimant had no loss of function or neurosis as a result of the accident. Dr. Hall, as the claimant's

family doctor of long standing, felt there was no emotional or personality change in the claimant after the accident.

Dr. Spitzer testified he also was of the opinion that claimant had no physical disability as a result of the accident. He thought the claimant was able to work and so advised the claimant. It was on the 8th day of October, 1963, that Dr. Spitzer examined the claimant and found no limitation of motion and no reflex changes or "history to suggest any significant degree of injury." His findings were essentially negative as far as pathology was concerned, and he said the claimant's complaints were greatly exaggerated in relation to the medical findings and history.

Dr. Spitzer thought the accident was used by the claimant to solve certain life situations which he was unable to handle otherwise. He said insofar as the claimant's percentage of disability is concerned, from a physical point of view, it was zero; but that his emotional problems made it unable for him to work at all. He testified that in his opinion the claimant has a 100% loss of function because of this accident.

The following is the statement of points relied upon by the claimant on this appeal:

"1. The District Court erred as a matter of law in holding there was no evidence to show that the Claimant is totally disabled.

"2. The Court erred in holding that the Claimant was not disabled after September 16, 1963.

"3. The Court erred in not finding that the Claimant is totally and permanently disabled as a result of the admitted accident."

The first point assigned is an *alleged* conclusion of law made by the trial court. There is nothing in the record to disclose that the trial court made such conclusion. It was the function of the trial court to weigh all of the evidence and make findings of fact based upon the preponderance of the evidence. The first point, therefore, presents no issue on appeal.

The second and third points relied upon by the claimant challenge the findings of the trial court that the claimant suffered no disability after September 16, 1963. This resolves into one question—whether as a matter of law there is substantial competent evidence in the record to sustain the findings and judgment of the trial court.

This is borne out by the contentions advanced in the claimant's brief. It is contended entirely too much reliance was placed upon the testimony of Dr. Hall, and that the trial court disregarded all

of the evidence concerning the mental trouble of the claimant and based its decision fully on the testimony of Dr. Hall that the claimant was not physically disabled after August 27, 1963.

It is argued the evidence of Dr. Spitzer that the claimant unconsciously uses the accident to solve his emotional problems, and that he had a 100% loss of function by reason thereof, was ignored.

It may be conceded that mental disability has long been recognized as being compensable under the workmen's compensation act. (*Morris v. Garden City Co.*, 144 Kan. 790, 62 P. 2d 920.)

In a preliminary way it is well to reiterate and observe some of the specific rules to which we adhere in workmen's compensation cases upon review in this court:

(A) The jurisdiction of the Supreme Court on appeal taken from the judgment of the district court is specifically limited to the determination of questions of law. (G. S. 1961 Supp. [now K. S. A.], 44-556; *Barr v. Builders, Inc.*, 179 Kan. 617, 296 P. 2d 1106; and *Fitzwater v. Boeing Airplane Co.*, supra.)

(B) As to questions of fact this court reviews the record only to determine whether it contains substantial evidence to support the trial court's finding; and in doing so, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial evidence appears, such finding is conclusive and will not be disturbed on review. (*Silvers v. Wakefield*, 176 Kan. 259, 260, 270 P. 2d 259; *Barr v. Builders, Inc.*, supra; and *Fitzwater v. Boeing Airplane Co.*, supra.) The rule applies with equal force whether compensation has been allowed or denied by the district court, and whether the appeal is by the claimant or the respondent. (*Rorabaugh v. General Mills*, 187 Kan. 363, 356 P. 2d 796.)

(C) Only in the event the evidence is undisputed is the question one of law for appellate review. (*Fitzwater v. Boeing Airplane Co.*, supra.)

Under the foregoing rules the trial court was entitled to believe the testimony of Dr. Hall, who was the claimant's examining physician and family doctor of long standing, and disregard the testimony of Dr. Spitzer. The record therefore contains substantial competent evidence to uphold the trial court's finding that the claimant suffered no disability after the 16th day of September, 1963.

Claimant's counsel argues that Dr. Hall did not see the claimant after the 27th day of August, 1963. Thus, it is said, with absolutely

no evidence, much less substantial competent evidence, the claimant is found to have been disabled until the 16th day of September, 1963.

The only apparent reason for the selection of September 16, 1963, was that the respondent's insurance company stopped paying compensation on this date.

The probable explanation of this fact is that Dr. Hall's report did not reach the respondent in sufficient time to halt compensation payments prior to the 16th day of September, 1963. Had the examiner and the district court found that claimant's disability ceased on the 27th day of August, 1963, it would have been necessary for the claimant to refund several payments of weekly compensation. This overpayment constitutes a gratuity, insofar as the claimant is concerned, and it does not give him a proper basis upon which to rely for a reversal.

The judgment of the lower court is affirmed.