No. 44,527

WILLIS B. JACOBS, *Appellant*, v. GOODYEAR TIRE & RUBBER COMPANY OF KANSAS, INC., and AETNA CASUALTY & SURETY COMPANY, *Appellees.*

(412 P. 2d 986)

Opinion filed April 9, 1966.

*George E. McCullough,* of Topeka, argued the cause, and *W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker* and *James L. Rose,* of Topeka, were with him on the brief for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, William G. Haynes, Peter F. Caldwell, Roscoe E. Long, R. Austin Nothern* and *Brock R. Snyder,* of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

O'CONNOR, J.: This appeal arises from a proceeding under the workmen's compensation act (K. S. A. 44-501, *et seq.*) wherein Willis B. Jacobs, the claimant (appellant), seeks reversal of the decision of the district court denying him an award of compensation.

The basic issue on appeal is whether or not there was substantial, competent evidence to support the district court's finding that claimant did not sustain personal injury by accident arising out of and in the course of his employment.

The pertinent facts and circumstances relating to the claim for compensation may be summarized as follows: In late 1963 Goodyear Tire & Rubber Company of Kansas, Inc., one of the respondents (appellees), installed a new tire-building machine. Three tire builders, one from each eight-hour shift, were chosen to work on the machine. Claimant was the designated builder on his shift. During the adjustment and modification period management set no production quota; however, after completion of a time study, a minimum-maximum quota for an eight-hour shift was established.

On several occasions claimant failed to produce the minimum number of tires and was reprimanded by supervisory personnel. He was also advised by management, both orally and by letter, that should he fail to meet the minimum quota, disciplinary measures would be taken whereby he would receive a week's suspension and thereafter, should he again fail, face possible job termination. During this same period of time claimant was being harassed by his co-employees who cautioned him against producing too many tires and thus setting the piece rate too high.

Early in January 1964 claimant once again failed to meet the minimum quota and was given a three-day suspension. Parenthetically, we note that at a later date the union and management reached an agreement whereby the fixed quota was reduced so that at the time of claimant's suspension his production came within the minimum established. After claimant returned to work the conflicts created by the demands of management on the one hand and his co-employees on the other made him nervous, irritable and unable to sleep at night, and because of these symptoms he was forced to seek the services and advice of the company doctor. The doctor conducted an examination, and finding nothing physically wrong, but suspecting claimant might possibly be suffering from some emotional problems, suggested he see a psychiatrist. Claimant consulted Dr. John A. Grimshaw, a qualified psychiatrist, who placed him under treatment. After undergoing psychiatric treatment, claimant returned to work.

Thereafter, claimant filed his claim for compensation, and on the evidence presented, the examiner entered an award denying compensation. The director upheld the examiner's award, and on appeal, the district court, in affirming the decision of the director, found that claimant's difficulty was the result of a mental illness, that he had suffered no physical blow or physical injury, and that he had not sustained personal injury by accident arising out of and in the course of his employment.

Although claimant advances several points of error, we think they resolve themselves into one primary contention: the district court erred as a matter of law in concluding that claimant did not sustain personal injury by accident within the meaning of the workmen's compensation act.

Claimant urges, and would have us believe, that denial of compensation by the district court was predicated entirely on its assump-

tion that a physical blow or physical injury was necessary in order for an injury to be compensable under the act. Such a narrow reading and interpretation of the findings is unwarranted and completely overlooks the import of the court's finding that claimant "did not suffer personal injury by accident arising out of and in the course of his employment."

Under our well-established rules in workmen's compensation cases, the jurisdiction of the supreme court on appeal from the judgment of the district court is specifically limited to the determination of questions of law (K. S. A. 44-556). The question of whether or not the disability of a workman is due to a personal injury by accident arising out of and in the course of his employment is a question of fact. (*Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370.) In reference to questions of fact, this court reviews the record only to determine whether or not it contains substantial, competent evidence to support the district court's findings, and in so doing, all the evidence is reviewed in the light most favorable to the prevailing party below. If substantial, competent evidence appears, such finding is conclusive and will not be disturbed on appeal. (*Atwell v. Maxwell Bridge Co.*, 196 Kan. 219, 409 P. 2d 994; *Elliott v. Ralph Construction Co.*, 195 Kan. 723, 408 P. 2d 584; *Mannell v. Jerome & Associates*, 194 Kan. 789, 401 P. 2d 1009; *Rorabaugh v. General Mills*, 187 Kan. 363, 356 P. 2d 796; *Barr v. Builders, Inc.*, 179 Kan. 617, 296 P. 2d 1106.)

The terms "personal injury" and "accident" as used in the act have been construed on numerous occasions by this court. (See *Thuillez v. Yellow Transit Freight Lines*, 187 Kan. 618, 358 P. 2d 676, and cases therein cited.)

Claimant contends that inasmuch as this court has liberally construed personal injury by accident to include situations in which a series of physical events results in injury (*e. g., Barker v. Shell Petroleum Corp.*, 132 Kan. 776, 297 Pac. 418; *Winkelman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P. 2d 171) or death (*e. g., Pence v. Centex Construction Co.*, 189 Kan. 718, 371 P. 2d 100), under our decisions dealing with traumatic neurosis a mental breakdown resulting from the stress of ordinary labor should also be compensable. Claimant cites many cases covering the series-of-impact and coronary categories in support of his contention, but in all of them the disability or death resulted from events *physical* in nature (physical stimuli) as distinguished from *solely mental* stimuli, as in the case

at bar. Admittedly, we have held on numerous occasions that traumatic neurosis *following physical injury,* and shown to be directly traceable to such injury, is compensable under the act. (*Elliott v. Ralph Construction Co.,* supra; *Hayes v. Garvey Drilling Co.,* 188 Kan. 179, 360 P. 2d 889; *Barr v. Builders, Inc.,* supra; *Morris v. Garden City Co.,* 144 Kan. 790, 62 P. 2d 920.) This rule, however, has no application to the instant case since the district court found that although claimant's difficulty was the result of a mental illness, he had suffered no physical injury.

Respondent points out, and we agree, that even if claimant's mental condition be termed a disease under the broadest of interpretations, under our law (K. S. A. 44-5a02) such disease is not enumerated and would not constitute "injury by accident." (See *Watson v. International Milling Co.,* 190 Kan. 98, 372 P. 2d 287.)

Keeping in mind our function as an appellate court, and analyzing the evidence within the framework of our prior decisions, a few to which we have alluded, we cannot say the trial court erred as a matter of law in concluding that the claimant did not sustain a "personal injury by accident" within the meaning of the act.

Even if it be assumed that claimant sustained personal injury by accident, there is evidence justifying a conclusion that claimant's condition did not arise out of his employment.

A claimant has the burden to show a causal connection between the work being performed and his resultant injury. (*Transmeier v. Blaw-Knox Construction Co.,* 191 Kan. 321, 380 P. 2d 322; *Rorabaugh v. General Mills,* supra.) In the latter case it was stated:

"Under the workmen's compensation act the rule is that the injury arises *out of the employment* when there is apparent to the rational mind, upon consideration of all the circumstances, *a causal connection between the conditions under which the work is required to be performed and the resulting injury.* (*Carney v. Hellar,* 155 Kan. 674, 127 P. 2d 496; *Pinkston v. Rice Motor Co.,* supra; *Alpers v. George-Nielsen Motor Co.,* supra; and *Wilson v. Santa Fe Trail Transportation Co.,* supra.)" (p. 367.)

In the case at bar Dr. Grimshaw was the only medical witness. He testified that claimant was suffering from a psychiatric illness and that neither claimant's workload nor the physical requirements of his job caused his mental breakdown. The doctor stated, ". . . patient has insisted throughout that it is not particularly the difficulty in meeting the quota that bothered him, but rather the ultimatum given to him by the supervisors which he felt was quite

unjust and not in keeping with their former policies." Dr. Grimshaw described claimant's illness as a "reactive depression as a result of the conflicts which he felt between his fellow workers on the one hand and management on the other, and as a result of what he felt was an unfair ultimatum given to him by the supervisor." It was the doctor's opinion that claimant had certain personality characteristics which made him vulnerable to this type situation.

From the foregoing testimony it appears that claimant's difficulty resulted from conflicts created by the opposing demands of management and union co-employees rather than the nature and requirements of his job. Such testimony would support the conclusion that there was no causal connection between the work being performed and claimant's condition. Moreover, the demands of the co-employees were an external force over which management had no control or responsibility, and without them, it is speculative whether or not claimant would have encountered any difficulty.

Claimant urges that the decision in *Carter v. General Motors Corp.*, 361 Mich. 577, 106 N. W. 2d 105, which arose under a compensation statute somewhat similar to ours, should be applied to the facts of the instant case. Although the facts are analogous, the cases are distinguishable, for in the Michigan case a causal connection between the work being performed and the claimant's mental breakdown was clearly established.

We have carefully examined the record in the light most favorable to the respondent and conclude there was substantial, competent evidence to support the trial court's finding that claimant did not, within the meaning of the act, sustain personal injury by accident arising out of and in the course of his employment.

The judgment is affirmed.