No. 45,024

Nina Montgomery, *Appellant*, v. James Manos, *Appellee*.

(440 P. 2d 629)

Opinion filed May 11, 1968.

*Patrick F. Kelly,* of Wichita, argued the cause, and *John C. Frank,* of Wichita, was with him on the brief for appellant.

*Vernon D. Just,* of Wichita, argued the cause, and *Ralph Foster, Dale Stinson* and *Gerald Lasswell,* of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: This was an action for damages resulting from alleged personal injuries received in an automobile collision.

Since only one issue is presented on appeal, the basic facts may be highly summarized.

In January, 1965, while driving north on Pattie Street in Wichita, the appellant came to a stop to allow school children to cross the street. Due to the icy condition of the street, appellee's automobile slid into the rear of the appellant's automobile at a speed of two or three miles per hour. The grill of the appellee's automobile was slightly damaged.

The parties got out of their automobiles to look for damage, if any, and both concluded the appellant's vehicle sustained no damage. The appellant told the appellee she was not injured.

The following day the appellee met the appellant on the street

and she advised him that her husband thought her automobile had been damaged. The appellee gave her his name and address. His inspection of her automobile at that time revealed a broken back-up light lens which was turning yellow around the edges, indicating it had previously been broken. No mention was made at the time of any injury, nor did the appellant appear to be having any difficulty.

The appellant later complained of injuries and brought an action against the appellee alleging she sustained a severe spinal injury, extreme nervousness, nausea, dizziness, vertigo and fatigue as a result of the collision. The petition requested damages in the amount of $45,000 for personal injuries only.

Following a pretrial conference, the district court directed liability on the part of the appellee and after presentation of the evidence, limited the issues to be considered by the jury with the following instruction:

"You are instructed that your duty as jurors in this case is to determine from the evidence whether or not plaintiff sustained personal injuries that were proximately caused by an automobile accident of January 26, 1965, with the defendant, and to determine the amount she should recover as damages from the defendant, if you find that she was so injured.

"You will not concern yourselves with the question of liability of the defendant for any damages that plaintiff may have sustained, since the question of liability has previously been determined as a matter of law."

The jury returned a verdict which reads:

"We, the Jury, impaneled and sworn in the above entitled case, do upon our oath find the plaintiff sustained no injuries."

The district court approved the verdict and denied the motion for a new trial. This appeal followed.

No trial errors are claimed. The single issue presented is whether the jury's verdict that the appellant sustained no injuries was wholly contrary to the evidence, constituting an arbitrary disregard of uncontradicted and unimpeached testimony.

The appellant requests that this court adhere to the statement made in *Lobeer v. Weatherby*, 190 Kan. 576, 376 P. 2d 926, to the effect that a jury is not authorized arbitrarily or from partiality or caprice to disregard uncontradicted and unimpeached testimony, nor disregard the only evidence upon a material question in controversy and return a verdict in direct opposition.

We adhere to that rule, but we must still review the record for the purpose of determining whether the verdict violates the rule, under the circumstances of this case. In *Schroeder v. Richardson*, 196 Kan.

363, 411 P. 2d 670, we reviewed a similar situation where the plaintiff claimed injury from a rear end collision with his automobile. The district court fixed liability on one or both of the joint defendants, and directed the jury to find that one or both were liable and to determine the extent of plaintiff's injuries and the amount of damages sustained. The jury returned a verdict in favor of plaintiff in the amount of $0,000. In reviewing the verdict, this court held:

"A jury cannot arbitrarily or capriciously refuse to consider the testimony of any witness, but it is not obliged to accept and give effect to evidence which, in its honest opinion, is unreliable, even though such evidence is uncontradicted.

"Appellate courts cannot nullify a jury's disbelief of evidence nor can they determine the persuasiveness of testimony which a jury may have believed.

"The effect of a negative finding of fact by a jury, as contrasted to an affirmative one, against one upon whom the burden of proof rests is that such party did not sustain that burden. Absent arbitrary and capricious disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice on the part of the jury, such finding cannot be disturbed." (Syl. ¶¶ 4, 5, 6.)

Here we have a negative finding—a finding of no injuries sustained. In *In re Estate of Winters*, 192 Kan. 518, 389 P. 2d 818, it was said:

". . . This court may set aside an affirmative finding where the record shows there was no evidence to support it. However, a negative finding is seldom set aside if the evidence is limited in quantity and its weight and credibility may be questionable, or if the evidence may be disregarded for any reason." (l. c. 522.)

From a review of the record we cannot say that the weight and credibility of the appellant's evidence could not be questioned by the jury, or that her evidence might not be disregarded by it. In fact, there is evidence that refutes the appellant's claim of injury.

Reviewing briefly the evidence most favorable to the appellee, as we are bound to do, it appears that his automobile did not crash into the appellant's car but slid into it at a speed of only two or three miles per hour. The impact was so light that the grill of the appellee's vehicle was only slightly damaged. The appellant indicated to the appellee that she was not injured, and she appeared quite agile the next morning. Her examining physician testified that she had a previous nervous condition and he had treated her for multiple contusions and abrasions of her left arm, back and left knee received as the result of an automobile accident in 1961. The appellant testified she had, previous to the accident in question, purchased an orthopedic mattress.

Another orthopedic surgeon testified he had examined the appellant and that a number of her responses were inappropriate. He felt that some of her responses were psychological for there was no organic or pathological basis demonstrable in the body. Another orthopedic surgeon, testifying for the appellee, concluded:

"This patient has congenital abnormality of the first cervical vertebra, and developmental changes in the lumbar and lower dorsal spine which existed prior to the date of the accident in question . . . She also gave a history of menopausal and emotional complaints prior to the accident in question."

Guided by the rules previously announced, we cannot say as a matter of law that the jury arbitrarily and capriciously disregarded undisputed evidence.

The judgment is affirmed.