No. 46,991

KATHRYN JEWELL MONTGOMERY, *Appellant*, v. RICHARD D. MORGENSON, *Appellee*.

(515 P. 2d 746)

Opinion filed November 3, 1973.

*Elmer C. Jackson, Jr.*, of the firm of Jackson and Randolph, of Kansas City, argued the cause and was on the brief for appellant.

*James P. Mize*, of the firm of Clark, Mize, Linville & Miller, Chartered, of Salina, argued the cause and was on the brief for appellee.

*Per Curiam:* This is an appeal by the plaintiff-appellant from the district court's order overruling her motion for a new trial in an action arising out of a rear end automobile collision.

At the time of the collision, appellant had stopped her automobile on the inside traffic lane of a four-lane thoroughfare in Salina. Her vehicle was struck from the rear by defendant-appellee's station wagon. The point of impact was approximately 93 feet south of an intersection. Plaintiff alleged she sustained permanent bodily injuries and damages to her automobile as the proximate result of the defendant's negligence in failing to maintain a proper lookout; in driving at an excessive speed, and in failing to keep his automobile under control to avoid the collision. Defendant contended he was traveling at approximately five miles an hour at the time of the collision; that he was not negligent, and that the plaintiff was not injured as she alleged. Contributory negligence was not an issue. The jury returned a general verdict for the defendant.

The appellant contends the district court erred in the following respects: (1) Not finding defendant guilty of negligence as a matter of law; (2) giving a sudden emergency instruction to the jury, and (3) denying her motion for a new trial in that the verdict was contrary to the law and evidence. We find all specifications of error to be without merit.

The fact there was a rear end collision does not make the appellee guilty of negligence as a matter of law. Whether the appellee was negligent is a question to be determined by the jury from all the evidence. It is only when different minds can reasonably arrive at

but one result that a fact issue becomes a question of law, justifying a district court in taking the issue from the jury.

When a verdict is attacked on the ground it is contrary to the evidence, it is not the function of this court on appeal to weigh the evidence or pass upon the credibility of the witnesses. This court is concerned only with the evidence and all reasonable inferences to be drawn therefrom which support the verdict. It is of no consequence there may have been evidence which, if believed, would have supported a different verdict. The general verdict in favor of the appellee resolved all controverted issues of fact against the appellant. (*Osborn v. Lesser*, 201 Kan. 45, 439 P. 2d 395; *Montgomery v. Manos*, 201 Kan. 302, 440 P. 2d 629; *Fairbanks v. Hodschayan*, 212 Kan. 545, 512 P. 2d 1042.)

Appellant failed to preserve the testimony of her physicians. There was no medical evidence in the record indicating the collision caused any bodily injuries to her. The verdict is therefore presumed to be supported by the evidence. (*Farmer v. Myers*, 90 Kan. 532, 135 Pac. 668, *Shoemaker v. Hardwick*, 189 Kan. 72, 366 P. 2d 1008; *Montgomery v. Manos*, supra; Supreme Court Rule No. 6, 209 Kan. xxii.)

Evidence presented in the record shows the district court did not err in giving the instruction on sudden emergency. The jury was advised the sudden emergency doctrine would not apply if the appellee by his own fault created the emergency, or if he failed to use ordinary care to avoid it. The sudden emergency doctrine bears only on the question whether the appellee was negligent—an issue resolved against the appellant by the general verdict.

The judgment of the district court is affirmed.