No. 55,753

TRACY FOLLOWILL, *Appellee,* v. EMERSON ELECTRIC COMPANY and SELF-INSURED, *Appellant.*

(674 P.2d 1050)

Opinion filed January 13, 1984.

*Monte K. Heasty,* of Scovel, Emert, Heasty & Oakleaf, of Independence, argued the cause and was on the brief for appellant.

*Russell D. Canaday,* of Independence, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is a workers' compensation appeal. The parties are Tracy Followill, the claimant and appellee, and Emerson Electric Company, the self-insured employer, the respondent and appellant. The administrative law judge denied compensation; the director approved the denial; the district court awarded compensation; and here, the employer seeks a reversal of the district court judgment.

The sole issue is whether a psychiatric disability sustained by an employee by accident, and arising out of and in the course of employment, is compensable *absent physical injury.*

The facts are not disputed. Tracy Followill was employed by Emerson Electric at its plant in Independence, Kansas, as a maintenance man. His duties included greasing machinery used to make parts for ceiling fans. He was at work on August 21, 1981, when a friend and co-worker was killed. The man's head was crushed in a die cast press. Followill did not see him get crushed, but arrived at the machine moments later. The scene was grisly. Followill sustained no physical injury.

Almost immediately, Followill started shaking and crying. He became dazed and disoriented. He was taken home, and was unable to return to work. During the weeks that followed the accident, claimant suffered nightmares in which he relived the incident. He often awoke screaming. He developed insomnia and lost his appetite. He experienced flashbacks. He was hospi-

talized for about a week and received medication and psycho-therapy, but after his discharge from the hospital, his situation worsened. His personality changed and he had difficulty getting along with his wife. The nightmares and flashbacks continued. Eventually he was admitted to the psychiatric ward of Mt. Carmel Medical Center at Pittsburg, Kansas, where he stayed for about seven weeks. An electroencephalogram taken upon his admission showed abnormal brain functions. After treatment, he improved and an EEG taken one month later was normal.

Claimant returned to work on November 9, 1981, but was unable to perform all of his duties because of his fear of ma-chinery. Dr. Targownik, an eminent Topeka psychiatrist, ex-pressed the opinion that claimant could be in some danger on the job because of the paralyzing effect of flashbacks. He found that claimant had been 100% disabled for a time and that he suffered a permanent fifty to sixty percent disability. Dr. Targownik and two other psychiatrists diagnosed claimant's affliction as "post-traumatic stress disorder" as defined in the Diagnostic and Statistical Manual of Mental Disorders (DSM-III) (3rd ed. 1980). Claimant did not have a prior psychiatric history.

The administrative law judge, finding that claimant sustained no physical injury, denied compensation. The director approved the award of the administrative law judge. The district judge found that claimant was totally disabled from August 21, 1981, until November 9, 1981, and that claimant sustained a 50% permanent partial general disability. The total award was $32,278.44.

At issue is the scope of the Workmen's Compensation Act. We must decide whether a disability caused by post-traumatic stress disorder resulting from an on-the-job accident in which the claimant suffers no physical injury is compensable. We first turn to the applicable statutes. K.S.A. 44-501 provides in part:

"If in any employment to which the workmen's compensation act applies, personal injury by accident arising out of and in the course of employment is caused to an employee, his or her employer shall be liable to pay compensation to the employee in accordance with the provisions of the workmen's compensa-tion act."

"Accident" and "personal injury" are defined in K.S.A. 44-508(d) and (e). We note that this statute has been amended by Laws of Kansas 1983, ch. 167, § 1, but the wording of subsections (d) and (e) remains unchanged. They read:

"(d) 'Accident' means an undesigned, sudden and unexpected event or events, usually of an afflictive or unfortunate nature and often, but not necessarily, accompanied by a manifestation of force. The elements of an accident, as stated herein, are not to be construed in a strict and literal sense, but in a manner designed to effectuate the purpose of the workmen's compensation act that the employer bear the expense of accidental injury to a worker caused by the employment.

"(e) 'Personal injury' and 'injury' mean any lesion or change in the physical structure of the body, causing damage or harm thereto, so that it gives way under the stress of the worker's usual labor. It is not essential that such lesion or change be of such character as to present external or visible signs of its existence."

These definitions have remained virtually unchanged since their adoption in 1974. See Laws of Kansas 1974, ch. 203, § 7.

Our earlier cases are helpful but do not decide the precise question which we now face. In *Jacobs v. Goodyear Tire & Rubber Co.*, 196 Kan. 613, 412 P.2d 986 (1966), a claimant sought compensation for emotional disorders resulting from on-the-job stress which built up over a period of months. The trial court held that the claimant did not sustain personal injury by accident arising out of and in the course of his employment, within the meaning of the act. We concluded that the trial court's finding was supported by substantial competent evidence and we affirmed. In the course of the opinion we said:

"Claimant contends that inasmuch as this court has liberally construed personal injury by accident to include situations in which a series of physical events results in injury (*e.g., Barker v. Shell Petroleum Corp.*, 132 Kan. 776, 297 Pac. 418; *Winkelman v. Boeing Airplane Co.*, 166 Kan. 503, 203 P.2d 171) or death (*e.g., Pence v. Centex Construction Co.*, 189 Kan. 718, 371 P.2d 100), under our decisions dealing with traumatic neurosis a mental breakdown resulting from the stress of ordinary labor should also be compensable. Claimant cites many cases covering the series-of-impact and coronary categories in support of his contention, but in all of them the disability or death resulted from events *physical* in nature (physical stimuli) as distinguished from *solely mental* stimuli, as in the case at bar. Admittedly, we have held on numerous occasions that traumatic neurosis *following physical injury*, and shown to be directly traceable to such injury, is compensable under the act. (*Elliott v. Ralph Construction Co.*, [195 Kan. 723, 408 P.2d 584 (1965)]; *Hayes v. Garvey Drilling Co.*, 188 Kan. 179, 360 P.2d 889; *Barr v. Builders, Inc.*, [179 Kan. 617, 296 P.2d 1106 (1956)]; *Morris v. Garden City Co.*, 144 Kan. 790, 62 P.2d 920.) This rule, however, has no application to the instant case since the district court found that although claimant's difficulty was the result of a mental illness, he had suffered no physical injury.

"Respondent points out, and we agree, that even if claimant's mental condition

be termed a disease under the broadest of interpretations, under our law (K.S.A. 44-5a02) [relating to occupational diseases, since repealed], such disease is not enumerated and would not constitute 'injury by accident.' (See *Watson v. International Milling Co.*, 190 Kan. 98, 372 P.2d 287.)" 196 Kan. at 615-616.

The present case is somewhat distinguishable from *Jacobs* in that Followill's mental injury or condition was caused by one on-the-job traumatic incident rather than a series of events over a period of time, and further, the evidence shows that claimant's condition arose out of his employment.

Seven years after *Jacobs* was decided, the opinion in *Berger v. Hahner, Foreman & Cale, Inc.*, 211 Kan. 541, 506 P.2d 1175 (1973), was handed down. That case involved a claim for traumatic neurosis which resulted when claimant was struck in the right eye by the end of a piece of lumber and as a result lost the useful vision of one eye. The narrow issue before the court was whether the fact that the eye injury was a "scheduled injury" that precipitated the psychological problems should limit the recovery to the amount fixed for the scheduled injury. We concluded that recovery was not so limited. The case is not particularly helpful here since Berger sustained physical injury out of which the neurosis arose.

Next came *Rund v. Cessna Aircraft Co.*, 213 Kan. 812, 829, 518 P.2d 518 (1974). We concluded that compensation had to be denied because "there is no evidence presented by the record and no finding by the trial court that the claimant's 'emotional problems' were caused by the accident concerning which she complains." Claimant had slipped on some solvent or degreaser causing her left foot to go out from under her, which resulted in severe pain in her left knee. We reviewed the evidence of the claimant's mental condition and held that there was insufficient evidence to show that the emotional problems were directly traceable to the accident. Referring to *Berger*, we said:

"*Berger* stands for the proposition that *traumatic neurosis* following physical injury, and shown to be *directly traceable* to such injury, is compensable under the Workmen's Compensation Act." (Emphasis in original.) 213 Kan. at 827.

We also discussed *Jacobs*, saying:

"The significance of *Jacobs* is that if claimant's psychiatric problems do not result from the nature and requirements of the claimant's job, or are the result of external forces over which the employer has no control, then there is no causal connection between the claimant's mental disability and the work being performed." 213 Kan. at 828.

Similarly, in *Buck v. Beech Aircraft Corporation*, 215 Kan. 157, 523 P.2d 697 (1974), we held that disabling traumatic neurosis which was not shown to be caused by on-the-job physical injury was not compensable. In Syl. ¶¶ 4 and 5, we said:

"Traumatic neurosis following physical injury is compensable under the Workmen's Compensation Act only if it is shown the neurosis is directly traceable to the physical injury and the psychiatric problem which causes the disability of the workmen has a direct causal connection with the work performed or the physical injury." Syl. ¶ 4.

"In a workmen's compensation case if the claimant's psychiatric problems do not result from the nature and requirements of the claimant's work, or are the result of external forces over which the employer has no control, there is no causal connection between the claimant's mental disability and the work being performed, and compensation cannot be awarded for the mental disability. (Following *Rund v. Cessna Aircraft Co.*, 213 Kan. 812, 518 P.2d 518.)" Syl. ¶ 5.

All of our cases in which compensation has been awarded for traumatic neurosis involve instances in which the mental disease, disorder or difficulty stems from an initial physical injury. We find none of our earlier cases, and counsel have cited none, in which mental disorders have been held compensable under our Workmen's Compensation Act absent physical injury. K.S.A. 44-508(e) defines personal injury in terms of change in the physical structure of the body. Though our Workmen's Compensation Act has undergone significant change in recent years, the legislature has retained the definitions of "personal injury" and "injury" without modification. It has not expanded the obligation of employers to pay compensation for purely mental as opposed to physical injuries.

We are fully aware that the majority of states presently allow workers' compensation for mental injury resulting solely from mental stimuli. See 1B Larson, Workmen's Compensation Law, ch. 7 § 42.23 (1982); 1 Larson, Workmen's Compensation Desk Book § 42.20 (1983); Annot., 97 A.L.R.3d 161; 82 Am. Jur. 2d, Workmen's Compensation § 302; 99 C.J.S., Workmen's Compensation § 168b; and *Bailey v. American General Ins. Co.*, 154 Tex. 430, 279 S.W.2d 315 (1955).

Furthermore, the evidence indicates that the injury sustained by Followill was real. It was as disabling as many physical injuries. It occurred by accident. It arose out of and in the course of his employment with respondent. But under our construction

of the Kansas Workmen's Compensation Act, it was not a compensable "personal injury."

We hold, in accordance with an unbroken line of worker's compensation cases in this state, that the obligation of an employer under K.S.A. 44-501 *et seq.* does not extend to mental disorders or injuries unless the mental problems stem from an actual physical injury to the claimant. To extend the obligation to include mental disorders, absent physical injury, is a matter for consideration by the legislature.

We therefore hold that claimant's post-traumatic stress disorder was not compensable under the Kansas Workmen's Compensation Act, under the facts of this case, there being no physical injury.

The judgment of the district court is reversed.