(771 P.2d 557)

No. 62,451

MARY LOVE, *Claimant/Appellant*, v. McDONALD'S RESTAURANT, *Respondent/Appellee*, and CIGNA INSURANCE CO., *Insurance Carrier/Appellee*.

Petition for review denied June 6, 1989.

Opinion filed April 7, 1989.

*John G. O'Connor*, of Barnett & Ross, Chartered, of Kansas City, for appellant.

*Gary R. Terrill* and *Richmond M. Enochs*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellees.

Before GERNON, P.J., DAVIS and ELLIOTT, JJ.

ELLIOTT, J.: Claimant Mary Love appeals from a workers' compensation award which denied her compensation for traumatic neurosis. The appeal raises the single issue of what a claimant must prove to be compensated for traumatic neurosis under the Workers' Compensation Act, K.S.A. 44-501 *et seq.*

The trial court applied the four-part test set forth in *Ruse v. State*, 10 Kan. App. 2d 508, 708 P.2d 216 (1984), in determining the issue. Because we hold that *Ruse* no longer is an accurate statement of the test, we reverse.

The facts are not seriously in dispute. Love was working as a swing manager for McDonald's Restaurant when she fell down three stairs and injured her head. After the accident, she continually suffered headaches, dizziness, and occasional numbness in her left arm. She was hospitalized for testing and treatment and was sent to an industrial clinic for further treatment. Her symptoms were relieved for a short time, but the treatment produced no lasting relief.

The administrative law judge ruled that Love was not entitled to any further temporary total disability and that there was no causal connection between the neurosis and the work Love

performed. In due time, the director affirmed the award of the administrative law judge, and the district court affirmed that result, albeit on different grounds, on judicial review.

In *Ruse*, 10 Kan. App. 2d at 509, we stated four elements which must be met for a traumatic neurosis claim to be compensable:

(1) a physical injury;

(2) symptoms of traumatic neurosis;

(3) these symptoms are directly traceable to the physical injury; and

(4) a causal connection between the work performed and the neurosis.

In the present case, the parties stipulated to the existence of the first three elements. Love's accident arose out of and during the course of her employment. Prior to the accident, Love had worked for McDonald's for five years without injury and had never received any psychological care. After the accident, the headaches and dizziness rendered Love unable to work. As a result of the stipulation, the district court specifically found that Love's traumatic neurosis was directly traceable to the physical injury.

However, the district court found that the fourth element, the causal connection between the neurosis and the work performed, had not been satisfied. Accordingly, we are forced to decide whether, in a physical injury case, there must be a causal connection between the neurosis and the conditions and requirements of Love's work as a swing manager.

In order to arrive at the answer, we need to trace some of the history of traumatic neurosis as a compensable condition under workers' compensation. Traumatic neurosis has long been recognized as being compensable under workers' compensation laws. *Morris v. Garden City Co.*, 144 Kan. 790, 792, 62 P.2d 920 (1936).

In the early traumatic neurosis cases, an injury-producing accident in the workplace was present. *E.g., Barr v. Builders, Inc.*, 179 Kan. 617, 620-21, 296 P.2d 1106 (1956); *Morris*, 144 Kan. 790. The general rule applied in these cases was simply that neurosis following physical injury shown to be directly traceable to the injury is compensable. See *Berger v. Hahner, Foreman & Cale, Inc.*, 211 Kan. 541, 550, 506 P.2d 1175 (1973) (psychologi-

cal disability found to be directly traceable to the loss of an eye in a work-related accident).

But where no work-related physical injury was present, the general rule simply did not apply; a different test was required. For example, in *Jacobs v. Goodyear Tire & Rubber Co.*, 196 Kan. 613, 412 P.2d 986 (1966), the employee merely succumbed to pressures of the workplace and had to seek psychiatric help. 196 Kan. at 614. *Absent a physical injury,* the Supreme Court had to determine whether the psychological disability *by itself* was compensable if it constituted a "personal injury by accident" under the compensation act. 196 Kan. at 616. The new test for cases not involving physical injury required a causal connection between the work performed and the resulting mental condition. The *Jacobs* claimant could not satisfy that causal connection. 196 Kan. at 617.

After *Jacobs*, the Kansas cases tended to merely combine the two tests. In *Rund v. Cessna Aircraft Co.*, 213 Kan. 812, 518 P.2d 518 (1974), for instance, the test applied was whether the claimant's emotional problems were directly traceable to the accident *or* to the work being performed (213 Kan. at 828), thus demonstrating the two alternative methods available to a claimant seeking compensation for traumatic neurosis.

Unfortunately, Syl. ¶ 7 of the *Rund* opinion stated:

"In a workmen's compensation case if the claimant's psychiatric problems do not result from the nature and requirements of the claimant's work, or are the result of external forces over which the employer has no control, there is no causal connection between the claimant's mental disability and the work being performed, and compensation cannot be awarded for the mental disability."

This syllabus paragraph is simply overbroad, if not inaccurate, in that it reflects the portion of the opinion which discusses *Jacobs*, in which *no physical injury was* present, and describes but a portion—not the whole—of the test then applicable for determining the compensability of traumatic neurosis *absent physical injury.*

The confusion generated by the syllabus of *Rund* was compounded by *Buck v. Beech Aircraft Corporation*, 215 Kan. 157, 523 P.2d 697 (1974), a case involving a physical injury. The Supreme Court noted that the trial court found the mental disability was not caused by the work performed *or* the accidental injury—consistent with the body of the opinion in *Rund.* 215 Kan. at 159.

The Supreme Court then stated that traumatic neurosis is compensable under the act "*only* if it is shown the neurosis is directly traceable to the physical injury [citing *Berger*] *and* the psychiatric problem which causes the disability of the workman has a direct causal connection with the work performed *or* the physical injury. [Citing *Rund.*]" 215 Kan. at 161. (Emphasis added.)

The formerly alternative routes to compensability (depending on the presence or absence of physical injury) were engrafted on themselves to render a new double hurdle for claimants. It was against this background that we decided *Ruse*.

In *Ruse*, instead of recognizing two separate ways to establish a compensable traumatic neurosis claim depending on the presence or absence of physical injury, we established a *single* and more difficult test. Under *Ruse*, traumatic neurosis was compensable *only if* the mental disability were directly traceable to a work-related physical injury *and* could also be causally connected to the conditions and requirements of claimant's job.

In *Ruse*, we established a test not justified by historic case law.

Additionally, the *reason* for the requirement of a causal connection with the work performed, as articulated in *Jacobs*, no longer exists. Since the reason for that "rule" no longer exists, we hold the "rule" itself can no longer exist.

In *Followill v. Emerson Electric Co.*, 234 Kan. 791, 674 P.2d 1050 (1984), a case not considered in *Ruse*, the Supreme Court explicitly held that traumatic neurosis is *not* compensable *absent a physical injury* because mental injury standing alone is not a "personal injury" as defined by the Workers' Compensation Act. 234 Kan. at 795-96.

The court stated: "We hold, in accordance with an unbroken line of worker's compensation cases in this state, that the obligation of an employer under K.S.A. 44-501 *et seq. does not extend* to mental disorders or injuries *unless* the mental problems stem from *an actual physical injury* to the claimant." 234 Kan. at 796. (Emphasis added.)

As we read *Followill*, the possibility of a compensable traumatic neurosis absent physical injury—as explored in *Jacobs*—simply no longer exists in Kansas. As a result, we feel comfortable in returning to the clear statement of the rule as enunciated in the earlier cases such as *Morris* and *Barr*.

We therefore hold that traumatic neurosis, following and directly traceable to a work-related physical injury, *is* compensable. As a result, the four-part test of *Ruse* is overruled.

In the present case, the trial court applied an incorrect legal standard in evaluating Love's claim for traumatic neurosis following a work-related physical injury.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.